**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35545 |
| Plaintiff-Appellee, | D.C. Nos. 1:17-cv-00119-SPW |
| v. | 1:14-cr-00056-SPW |
| GARRETT DEAN DOOR, Sr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted February 19, 2019**

Before:  FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Federal prisoner Garrett Dean Door, Sr., appeals pro se from the district

court's order denying his 28 U.S.C. § 2255 motion challenging his conviction for

aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a), and assault with

intent to commit aggravated sexual abuse, in violation of 18 U.S.C. § 113(a)(1).

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 2253. We review the district court's denial of a section 2255 motion de novo, *see United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012), and we affirm.

Door contends that the government failed to prove he has a quantum of Indian blood and that counsel was ineffective for failing to challenge the sufficiency of the government's evidence as to this element of Indian status. The record shows that the government's evidence of Door's Indian blood included testimony by the victim, the FBI agent, another witness, and the tribal enrollment record. Viewing this evidence in the light most favorable to the prosecution, Door's sufficiency of the evidence claim fails. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Furthermore, counsel's decision not to challenge the sufficiency of the government's evidence does not amount to constitutionally deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

We treat Door's arguments regarding the Fifth Amendment, the Fourteenth Amendment, and newly discovered evidence as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**

18-35545